UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOISE MOISE NKUFI,

                Petitioner,

    v.

DREW BOSTOCK, FIELD OFFICE DIRECTOR NORTHWEST ICE PROCESSING CENTER,

                Respondent.

CASE NO. 2:24-cv-00018-RSM-GJL

REPORT AND RECOMMENDATION

Noting Date: **March 29, 2024**

Petitioner Moise Moise Nkufi initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* and *In Forma Pauperis* to obtain his immediate release on supervision from immigration detention. Dkts. 6, 6-2. The Government has subsequently filed a Notice of Change in Custody Status informing the Court of Petitioner's release from custody on supervision (Dkt. 8-2) along with a corresponding Motion to Dismiss for Mootness (Dkt. 8). Because this action no longer involves a live controversy for adjudication, the undersigned recommends the Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED without prejudice**.

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a

REPORT AND RECOMMENDATION - 1

habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Petitioner sought only his release from detention on supervision, so his claims have been fully resolved and no collateral consequences remain to be redressed by the Court. *See* Dkts. 6, 6-2.

Accordingly, the undersigned recommends that the Government's Motion to Dismiss (Dkt. 8) be **GRANTED** and this action be **DISMISSED without prejudice**. Additionally, because no reasonable jurist would debate the outcome recommended here, no certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29, 2024**, as noted in the caption.

Dated this 8th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2